### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Globe Life and Accident Insurance Company, | ) ) ) | CASE NO.:   5:20-cv-02189 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE JOHN R. ADAMS |
| Dorothy E. Jacobs, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | (Resolves Docs. 39 and 40) |

On September 28, 2020, Plaintiff Globe Life and Accident Insurance Company ("Globe Life") filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335, alleging multiple individuals asserted entitlement to the proceeds of a $20,000 life insurance policy (hereinafter, "Policy") originally owned by Gregory S. Jacobs ("Mr. Jacobs"), who died in April 2020. (*See generally* Compl., ECF No. 1.) Globe Life asserts its complaint in interpleader is brought because it is unable to determine who is entitled to the Policy's proceeds. (*Id.* at ¶¶ 31-42.)

## I.   RELEVANT FACTUAL BACKGROUND

The following relevant facts are undisputed. In January 2010, Mr. Jacobs purchased a life insurance policy from Globe Life in the amount of $20,000. (Mot. for Summ. J. Ex. B at 8-9, ECF No. 39-2.) Mr. Jacobs occasionally changed the Policy's beneficiary designation, including on November 27, 2017 when Mr. Jacobs, during a phone call to Globe Life, designated his wife, Defendant Kimberly A. Jacobs ("Kimberly"), and his daughter, Defendant Dorothy E. Jacobs' ("Dorothy"), as co-primary beneficiaries of the Policy. (*See id.* at 4, 26, 31; Mot. for Summ. J. Ex. C at 4:00-6:03, ECF No. 39-3.) This is the final beneficiary designation Mr. Jacobs himself made.

(*See* Mot. for Summ. J. Ex. B at 28-30, ECF No. 39-2. *See also* Compl. ¶ 16, ECF No. 1; Kimberly

Answer ¶ 16, ECF No. 15.)

In January 2019, Mr. Jacobs allegedly signed an Ohio General Durable Power of Attorney

("POA"), appointing his ex-wife, Defendant Dottie Watson ("Dottie"), as his agent and attorney-

in-fact. (Mot. for Summ. J. Ex. B at 1-3, ECF No. 39-2.) The POA instructed the following:

> TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND
> IGNORE THE LINES IN FRONT OF THE OTHER POWERS.
>
> TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL
> THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.
>
> TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT
> NEED NOT, CROSS OUT EACH POWER WITHHELD.

(*Id.* at 1.) Mr. Jacobs' initials do not appear before part (N), granting all powers contained in the

POA to Dottie. (*Id.* at 3.) In fact, Mr. Jacobs' initials appear only before section (A), powers related

to real property transactions, section (E), powers related to banking and other financial institution

transactions, and section (L), powers related to retirement plan transactions. (*Id.* at 1-3.) Notably,

Mr. Jacobs' initials do not appear before section (G), powers related to insurance and annuity

transactions. (*Id.* at 1.)

In April 2019, Dottie informed Globe Life that she was Mr. Jacobs' agent and attorney-in-fact

pursuant to the POA. (*Id.* at 30.) In February 2020, Dottie, utilizing her alleged powers under the

POA, designated the Policy's beneficiaries as herself as primary beneficiary, Defendant Monique

Jacobs ("Monique") as the contingent beneficiary, and Dorothy and Defendant Mark A. Jacobs

("Mark") as co-tertiary beneficiaries. (*Id.* at 23, 28.) This was the final beneficiary designation of

the Policy before Mr. Jacobs' death. (*Id.* at 28-30.) Mr. Jacobs died April 8, 2020. (*Id.* at 24.)

Globe Life alleges that upon Mr. Jacobs' death, Kimberly, Dottie, Dorothy, and Monique all

claimed entitlement to the Policy's proceeds. (Compl. ¶¶ 29, 39, ECF No. 1.) Globe Life further

alleges that although Mark and Defendant Gregory Jacobs, Jr. ("Gregory") have not yet claimed entitlement to the Policy's proceeds, they were both, at times, "designated as co-primary beneficiaries under the Policy and could contest the beneficiary designation that existed at the time of Mr. Jacobs' death." (*Id.* at ¶ 30.) Due to this conflict regarding the Policy's proceeds, Globe Life filed the currently pending interpleader action that this Court will now address.

## II.    INTERPLEADER ACTION

As a preliminary matter, "[i]nterpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control to a procedure to settle the controversy and satisfy his obligation in a single proceeding." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355 (6th Cir. 2018) (quoting *United States v. High Tech. Prods.,* 497 F.3d 637, 641 (6th Cir. 2007)) (internal quotation marks omitted).

Typically, there are two phases in interpleader actions. *Lindenberg*, 912 F.3d at 356. In the first phase, this Court determines whether the stakeholder properly invoked statutory interpleader, thereby establishing subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1335, by properly pleading: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder . . .; (2) an amount in controversy of at least $500 . . .; and (3) minimal diversity among the competing claimants." *Id.* (internal citations omitted).

With respect to this first phase, it is this Court's finding that Globe Life properly invoked statutory interpleader, and established this Court possesses subject matter jurisdiction over this matter, in its complaint in interpleader. More specifically, Globe Life demonstrated, and no party has argued otherwise, that: (1) Kimberly, Dottie, Dorothy, and Monique all have claimed entitlement to the Policy's proceeds creating actual conflicting claims to the Policy; (2) the amount

in controversy is greater than $500 given the Policy is one for $20,000; and (3) minimal diversity exists among the competing claimants given Kimberly is a citizen of Tennessee while the other claimants are citizens of Ohio. (*See* Compl. ¶¶ 1-8, 11, 29, 34, 37-39, 41, ECF No. 1. *See also* Mot. for Interpleader Discharge, ECF No. 20.[1])

"When the court decides that interpleader is available – typically, at the conclusion of the first stage – it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead . . . ." *High Tech. Prods.*, 497 F.3d at 641 (internal citations and quotation marks omitted). Because this Court determined that Globe Life properly invoked statutory interpleader, this Court ordered Globe Life to deposit the Policy's proceeds with this Court and ultimately discharged Globe Life from the matter allowing the competing claimants to interplead. (*See* Order of Deposit, ECF No. 7; Order, ECF No. 29.)

Therefore, the remaining issues before this Court begin the second phase of this interpleader action. In the second phase, this Court "determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Lindenberg*, 912 F.3d at 356 (quoting *High Tech. Prods.*, 497 F.3d at 641) (internal quotation marks omitted). Although both Kimberly and Dottie answered Globe Life's complaint in interpleader, only Kimberly has moved to interplead her claim against the Policy's proceeds and for summary judgment. (Kimberly Answer, ECF No. 15; Dottie Answer, ECF No. 16; Mot. for Summ. J., ECF No. 39.) Kimberly's motion goes unopposed.

## III.  LAW AND ANALYSIS

---

[1] Although Kimberly opposed Globe Life's Motion for Interpleader Discharge, she did not dispute that conflicting claims to the Policy's proceeds existed, that the amount in controversy exceeded $500, or that the competing claimants were minimally diverse. (Opp'n to Mot. for Interpleader Discharge, ECF No. 21.)

### A.  Motion for Summary Judgment

1. *Standard of Review*

Federal Rule of Civil Procedure 56(a) sets forth that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

Once the movant's burden is met, the burden shifts to the non-moving party to "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992). In short, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In the instant matter, the pending motion for summary judgment is unopposed. This Court is authorized, under the local civil rules, to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." LR 7.1(g). The local civil rules further provide that the time for filing an opposition to a dispositive motion is thirty days after service. LR 7.1(d). More than thirty days have passed in this case since Kimberly served her motion for summary judgment, and no party has filed an opposition to her motion. This Court, therefore, will rule under its authority to do so without hearing.

In addition, it is well settled that this Court may "grant dispositive motions because they are unopposed." *Caroline's Kids Pet Rescue v. Lake Humane Soc'y*, No. 1:17CV297, 2022 U.S. Dist. LEXIS 26382, at *8 (N.D. Ohio Feb. 14, 2022) (citing *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04CV1942, 2005 U.S. Dist. LEXIS 43339, at *5 (N.D. Ohio Aug. 10, 2005); *Peacock v. Bayview Loan Servicing*, No. 1:05CV554, 2005 U.S. Dist. LEXIS 10276, at *9-10 (N.D. Ohio May 26, 2005)). When a party fails to respond to a dispositive motion, it may be treated "as a confession to" the motion's merits. *Demsey*, 2005 U.S. Dist. LEXIS 43339, at *5. With respect to unopposed motions for summary judgment specifically, "although a district court must satisfy itself that the moving party has met the demands of [Fed. R. Civ. P. 56] before granting summary judgment, the court need not comb through the record to ascertain whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino*, 980 F.2d at 407, 410).

As a final note, as analyzed above, this Court properly has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1335 as there are actual conflicting claims to the Policy's proceeds, the amount in controversy exceeds $500, and there is minimal diversity between the competing claimants. When a dispute predicated upon diversity jurisdiction is before this Court, the substantive law of the forum state must be applied, while federal procedural law is followed. *See Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1988). Therefore, this Court must apply the law as pronounced by the Supreme Court of Ohio. *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (citing *Bank of N. Y. v. Janowick*, 470 F.3d 264, 272 (6th Cir. 2006)). In the event the Supreme Court of Ohio has not yet addressed the issues present in the instant matter, this Court "may consider the decisions of the State's courts of appeals, relevant dicta from the Ohio Supreme Court, as well as other sources

such as 'restatements of law, law-review commentaries, and the rules adopted by other jurisdictions.'" *Croce*, 930 F.3d at 792 (quoting *Mazur v. Young*, 507 F.3d 1013, 1016-17 (6th Cir. 2007)).

> ### 2. *Dottie Did Not Possess Authority as Mr. Jacobs' Agent and Attorney-in-Fact to Change the Policy's Beneficiaries*

This Court is primarily tasked with determining which individuals are entitled to the Policy's proceeds. This necessarily requires this Court to determine whether the beneficiary designations made by Dottie pursuant to the powers granted her by the POA were valid. "A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of his principal." *Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (6th Dist.1988). When an agent acts on behalf of her principal, "the relationship must be characterized as fiduciary in nature." *Id.* at 165 (citing *Connelly v. Balkwill*, 160 Ohio St. 430, 440, 116 N.E.2d 701 (1954) ("The relationship of principal and agent is generally held to be fiduciary in nature")). Therefore, "[t]he holder of a power of attorney owes 'the utmost loyalty and honesty to his principal.'" *Gupta v. Lincoln Nat'l Life Ins. Co.*, 10th Dist. Franklin No. 05AP-378, 2005-Ohio-6473, ¶ 16 (quoting *Testa*, 44 Ohio App.3d at 165). Applying these principles to the current matter, the POA created a fiduciary relationship between Dottie, as agent, and Mr. Jacobs, her principal, such that Dottie owed Mr. Jacobs "the utmost loyalty and honesty."

Given this fiduciary relationship, Dottie was not authorized to self-deal or transfer Mr. Jacobs' assets to herself unless the POA "explicitly" conferred that power. *See Gupta*, 2005-Ohio-6473, ¶ 16 (citing *In re Scott*, 111 Ohio App.3d 273, 675 N.E.2d 1350 (6th Dist.1996)). Therefore, any beneficiary designation made by Dottie to the Policy, pursuant to the powers granted her by the POA, could not benefit herself unless the POA explicitly allowed for such designation. Kimberly, in her motion for summary judgment, argues the POA itself did not explicitly confer self-dealing

power to Dottie. (*See* Mot. for Summ. J. Ex. B at 1-3, ECF No. 39-2.) Meaning, any beneficiary designation of the Policy made by Dottie conferring benefits to herself upon Mr. Jacobs' death are invalid – this necessarily includes the beneficiary designation made by Dottie in February 2020, which remained in place until Mr. Jacobs' death and named Dottie, herself, as primary beneficiary of the Policy. Because Kimberly, as unopposed movant, demonstrated the record contains no genuine issue of material fact regarding the POA failing to confer self-dealing power to Dottie, this Court agrees with Kimberly that the beneficiary designation made by Dottie benefiting herself is invalid.

With respect to any other beneficiary designations Dottie made to the Policy pursuant to the powers purportedly granted her by the POA, this Court finds that these designations are also invalid. The POA, allegedly signed by Mr. Jacobs, instructed the following:

> TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.
>
> TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.
>
> TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

Mr. Jacobs' initials do not appear before part (N), granting all powers contained in the POA to Dottie. Mr. Jacobs' initials appear before section (A), powers related to real property transactions, section (E), powers related to banking and other financial institution transactions, and section (L), powers related to retirement transactions. None of these sections discuss either life insurance policies or beneficiary designations of such policies.

Section (G) of the POA discusses powers related to insurance and annuity transactions and reads:

> To exercise or perform any act, power, duty, right, or obligation in regard to any contract of life, accident, health, disability, liability, or other type of

> insurance or any combination of insurance; and to procure new or additional contracts of insurance for me and to designate the beneficiary of same; provided, however, that my Agent cannot designate himself or herself as beneficiary of any such insurance contracts.

Mr. Jacobs' did not place his initials before this section of the POA. Once again, because Kimberly, as unopposed movant, demonstrated the record contains no genuine issue of material fact that Mr. Jacobs' initials neither appear before section (G) nor section (N) of the POA, this Court agrees with Kimberly that powers relating to the Policy, including designating beneficiaries, were not conferred upon Dottie. This Court, likewise, agrees with Kimberly that any beneficiary changes to the Policy made by Dottie were invalid as she did not possess the legal authority necessary to make such changes.

In sum, this Court finds that Kimberly has met her burden as movant, and the proper beneficiaries of the Policy are those individuals last designated by Mr. Jacobs, himself. Accordingly, as designated by Mr. Jacobs himself during a phone call to Globe Life on November 27, 2017, Kimberly and Dorothy are the proper co-primary beneficiaries of the Policy and the Policy's proceeds shall be distributed to them.

**B.  Motion for Attorneys' Fees**

On March 4, 2021, Globe Life moved this Court for an award of "attorneys' fees and costs incurred in bringing this interpleader action." (Mot. for Interpleader Discharge 5, ECF No. 20.) Globe Life seeks $7,560 in fees and costs to be paid from the Policy. (*Id.*) In general, "[a] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (internal citations and quotation marks omitted). Although courts within the Sixth Circuit have come to different conclusions with respect to awarding attorneys' fees in interpleader actions, this Court will follow

the approach from the Middle District of Tennessee in *UNUM Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792 (M.D. Tenn. 2001). *See also, Unum Life Ins. Co. of Am. V. Deboard*, No. 2:21-cv-570, 2021 U.S. Dist. LEXIS 166613, at *2-4 (S.D. Ohio Sept. 1, 2021) (following *UNUM*, 170 F. Supp. 2d 792 (M.D. Tenn. 2001)).

In general, "a disinterested 'mere stakeholder' plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees." *UNUM*, 170 F. Supp. 2d at 793 (citing *Mutual Life Ins. Co. v. Bondurant*, 27 F.2d 464, 465 (6th Cir. 1928)). However, "whether a court should allow a party who commences an interpleader action to recover" attorneys' fees and costs is a matter of judicial discretion, and the requested fees and costs are "rarely awarded as a matter of course." *UNUM*, 170 F. Supp. 2d at 794 (internal citations and quotation marks omitted). It is within this Court's discretion to exempt Globe Life from the general rule to award fees and costs under three theories: (1) "insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business;" (2) "insurance companies, by definition, are interested stakeholders" rather than disinterested mere stakeholders because "filing the interpleader action immunizes the company from further liability under the contested policy;" and (3) awards of fees and costs "would senselessly deplete the fund that is the subject of preservation through interpleader." *Id.* at 794-795.

In this Court's view, all three theories exempt Globe Life from collecting the fees and costs they requested. With respect to the first theory, it is clear the conflicting claims to the Policy in this matter arose during the normal course of Globe Life's business. Globe Life, as an insurance company, should expect conflicting claims over life insurance policy proceeds, such as those present in this matter, to arise. "Competing claims arise during the normal course of business and the cost of doing such business should not be transferred to the insured." *Id.* at 795. *See also, Minn.*

*Life Ins. Co. v. Rings*, No. 2:16-cv-00149, 2018 U.S. Dist. LEXIS 157094, at *8 (S.D. Ohio Sept. 14, 2018) (concluding that interpleader actions brought to resolve competing claims to insurance policy proceeds "are squarely within the normal course of business for insurance companies").

With respect to the second theory, this Court finds Globe Life is, in fact, an interested stakeholder rather than a disinterested mere stakeholder because obtaining judgment from this Court regarding the proper beneficiaries of the Policy shields Globe Life from future litigation. Clearly, without this interpleader action, Globe Life could have been subject to various conflicting lawsuits claiming the Policy's proceeds, suggesting Globe Life initiated this matter out of self-interest. *See UNUM*, 170 F. Supp. 2d at 795-96 (explaining the insurance company has interest in initiating a matter in interpleader because it "avoids the risk of paying the proceeds to the wrong beneficiary and being subject to subsequent litigation").

Finally, with respect to the third theory, Globe Life is requesting $7,560 in fees and costs from a $20,000 policy. That request represents 37.8% of the Policy's proceeds, which troubles this Court. Interpleader actions are equitable in nature and seek to preserve, not deplete, funds. To grant Globe Life's request for fees and costs would unnecessarily deplete the funds this interpleader action seeks to protect.

In sum, because the competing claims to the Policy's proceeds arose in the normal course of Globe Life's business, because Globe Life is insulated from future litigation regarding the Policy given this Court's judgment making it an interested stakeholder rather than a disinterested mere stakeholder, and because Globe Life's request for fees and costs would senselessly deplete the funds sought to be preserved through this action, Globe Life is exempt from the general rule for collecting attorneys' fees and costs in this interpleader action. Globe Life's requests for fees and costs is, therefore, denied.

**IV.    CONCLUSION**

For all the foregoing reasons, Kimberly's pending motion is GRANTED. It is the Order of this Court that the proceeds of the Policy be distributed to Kimberly and Dorothy per the final beneficiary designation of Mr. Jacobs. The beneficiary designations of the Policy made by Dottie under the powers purportedly granted her under the POA were invalid. In addition, Globe Life's request for attorneys' fees and costs is DENIED.


IT IS SO ORDERED.

DATE: May 31, 2022                                 /s/ John R. Adams
                                                                    Judge John R. Adams
                                                                    UNITED STATES DISTRICT COURT